## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BOB BURRELL and SUSAN BURRELL,

    Plaintiffs,

v.                                 No. CIV 02-542 WJ/DJS

LEONARD ARMIJO et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
## AND ORDER STAYING THE CASE

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim, and Failure to Exhaust Tribal Remedies [Docket No. 9].  Having reviewed the submissions of the parties, the applicable law, and being otherwise fully advised on the issues, I find that Defendants' motion is well taken in part on the issue of exhaustion of tribal remedies.

**BACKGROUND**

Plaintiffs Bob and Susan Burrell entered into a ten year lease for 171.9 acres of land at Santa Ana Pueblo in May 1980.  According to the Burrells, they were given verbal assurances that they would be permitted to renew the lease for the remainder of their lives so long as they ran a successful operation.  The lease was renewed in 1990 for another ten years.  The Burrells farmed the land for a total of seventeen years.  During these years, the Burrells invested most of their personal assets into the farming operation and incurred substantial debt on loans to continue the operation.

In 1997, Leonard Armijo became Governor of the Santa Ana Pueblo.  The Burrells allege that they experienced various forms of discrimination over the years but that this discrimination became worse during the Armijo administration.  For instance, they allege that their grandson was not permitted to play on the Little League team because he was non-Indian, that their grandchildren were picked on while riding the school bus, that the Pueblo agreed to concrete irrigation ditches serving Pueblo members but refused to concrete the ditches serving the Burrells' farm, and that they were required to pay $5000 a year to the BIA for water rights while the Pueblo had never been required to pay for its water rights.

Additionally, the Burrells state that they were not permitted to bale hay at night while Pueblo members were permitted to do so.  They were informed of the nighttime baling restriction by Leonard Armijo himself acting as either the Pueblo Governor or Chief of Police.  Mr. Armijo drove onto the Burrell farm while the Burrells were baling, and ordered them off of their tractors. The Burrells allege that this was part of a conspiracy of discrimination by the Defendants to force the Burrells from the farm.

The Burrells attempted to resolve the baling problem to no avail.  They spoke with Defendants Lawrence Montoya, Nathan Tsosie, and Jerry Kinsman.  All refused to intercede on behalf of the Burrells.

In early July 1997, Defendant Montoya asked the Burrells what they would accept from the Pueblo to buy out the Burrells' lease.  The Burrells offered to sell the remainder of their lease for $500,000.  According to the Burrells' allegations, the Tribal Council met on July 24 and voted to buy out the Burrell lease for $500,000.

The Burrells assert that Santa Ana Pueblo and tribal officials Leonard Armijo, Lawrence Montoya, Jerry Kinsman and Nathan Tsosie, acting individually and in concert with one another, refused to comply with the Council resolution to pay the Burrells $500,000 and instead attempted to negotiate with the Burrells to accept less money.  The Burrells contend that this failure to comply with a Council resolution was unlawful and part of the conspiracy of discrimination.  Jerry Kinsman allegedly ordered the tribal farm crews to take over the Burrell farm in mid-July 1997.  On August 15, 1997, the individual defendants hired balers to harvest the Burrells' crops.  The Burrells' hay was then distributed among various tribal members.  On August 25, 1997, the Burrells removed their mobile homes and farm equipment from the tribal farm land.

The Burrells generally allege that the Defendants, clothed with tribal authority and acting under color of tribal law, illegally discriminated against the Burrells on the basis of their race by running them off of their farm, stealing their crops, and terminating their lease.  Paragraphs 48 through 67 of the Burrells' Complaint contain allegations from which the Burrells conclude that the system of government within the Pueblo is corrupt.  The allegations upon which the Burrells base their conclusion include a statement that there is a Pueblo leadership position that is filled by a lifetime appointment and that only male members are permitted to attend or vote at Council meetings.

The Burrells filed the current action on May 14, 2002.  Named as Defendants are Leonard Armijo, Lawrence Montoya, Nathan Tsosie, Jerry Kinsman, and the Santa Ana Pueblo.  The individual Defendants are sued in both their official and individual capacities.  The claims include violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, a count based on

3

Respondeat Superior, and a count based on Breach of Lease.  The Burrells request compensatory

damages, punitive damages, $2.5 million dollars for the value of the lost lease, and attorneys' fees.

The Burrells filed a lawsuit in federal court making these same basic allegations and claims

in 1998.  That case, CIV-98-0438, was dismissed without prejudice by United States District

Judge John E. Conway for failure to exhaust tribal remedies.  The Burrells then filed their lawsuit

in the Santa Ana Tribal Court.  The tribal court judge considered motions to dismiss, received

evidence from witnesses, and heard argument from counsel, but had not ruled on the motions as

of May 14, 2002.  Included in the Burrells' response to the Defendants' motion to dismiss is a

letter dated June 17, 2002 from Defendants' counsel to the new tribal court judge, the Honorable

Angela Lujan, indicating that the former judge had held a two day hearing on February 29 and

March 21, 2000 on the motions to dismiss, stating that nothing further had happened in the case

following the hearings, recognizing that the judge was new to her position and had inherited the

case, and requesting that the Judge address the pending matters in the case.

**LEGAL STANDARD**

For the purpose of a motion to dismiss based on jurisdictional or prudential

considerations, a court presumes that all of Plaintiff's factual allegations are true and construes

them in the light most favorable to Plaintiffs.  Sutton v. Utah State Sch. for the Deaf & Blind, 173

F.3d 1226, 1236 (10th Cir. 1999).  A federal court should not exercise jurisdiction over cases

subject to concurrent tribal jurisdiction unless the parties have exhausted their tribal court

remedies.  See Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 15-17 (1987); National Farmers

Union Ins. Co. v. Crow Tribe, 471 U.S. 845, 856-57 (1985).

**DISCUSSION**

The tribal exhaustion rule is based on the federal government's commitment to a policy of

supporting tribal self-government and self-determination.  National Farmers Union Ins. Co., 471

U.S. at 856.  Additionally, the orderly administration of justice in the federal court system is

served when a tribal court is permitted to develop a full record on the issues in a case.  Id.

Exhaustion is not required, however, when an assertion of tribal jurisdiction is motivated by a

desire to harass or is conducted in bad faith, when the action is patently violative of express

jurisdictional prohibitions, or when exhaustion would be futile because of a lack of an opportunity

to challenge a tribal court's jurisdiction.  Id. at 857 n. 21; Kerr-McGee Corp. v. Farley, 115 F.3d

1498, 1501 (10th Cir. 1997).

The Burrells challenge the Santa Ana Tribal Court's jurisdiction over matters related to or

arising from their lease.  Additionally, the Burrells assert that exhaustion of tribal remedies would

be futile because the tribal court system does not offer due process of law and tribal judges are

biased.  Finally, the Burrells urge that the assertion of tribal jurisdiction is motivated by a desire to

harass or is conducted in bad faith.[1]

The Burrells made identical arguments to this Court in 1998 when Judge Conway

dismissed their complaint for failure to exhaust tribal remedies, and Judge Conway addressed

these arguments thoroughly.  See Memorandum Opinion on Defendants' Motion to Dismiss for

---

[1]The Burrells' actual arguments concerning due process, bias, harassment, and bad faith
with regard to tribal courts generally and the Santa Ana Tribal Court specifically are inappropriate
and unprofessional.  In the Burrells' Response, counsel for the Burrells states that, "It is common
knowledge among the Bar of the State of New Mexico that tribal courts do not give fair and
impartial decisions.  Anyone who practices in Tribal Courts knows that if anyone sues a tribe in
tribal court, there is little or no chance of fairness."  Additionally, counsel states that, "Some tribal
judges are non-lawyers, and are merely political hacks tied into the reigning political faction."

Failure to Exhaust Tribal Remedies, CIV-98-0438 [Docket No. 37].  I will not repeat the well-reasoned explanations that have already been provided to the parties for the exhaustion requirement or their inapplicability to the Burrells' assertions.  Suffice it say that the Burrells assertions of bad faith and futility do not entitle them to an exception to the exhaustion requirement.  In <u>Bank of Oklahoma v. Muscogee Nation</u>, the Tenth Circuit stated that "speculative futility is not enough to justify federal jurisdiction."  972 F.2d 1166, 1170 (10th Cir. 1992).  The court pointed out that cases in which exhaustion has not been required were cases in which no tribal forum existed or the tribal forum had refused to hear a plaintiff's claim.  <u>Id.</u>  The court further stated that a plaintiff must adjudicate the issue of bad faith and bias in the tribal forum.  <u>Id.</u> at 1171 (citing <u>Iowa Mut. Ins. Co.</u>, 480 U.S. at 19).

In this case, there is an action pending in the Pueblo of Santa Ana Tribal Court.  While this Court has not been made aware of the entire record of proceedings in the Tribal Court, I am aware that the action has been pending for nearly four years and that the Tribal Court has not yet ruled on motions on which hearings were conducted in February and March of 2000.[2]  There may be a point at which delay in tribal court proceedings is tantamount to a complete lack of a tribal forum sufficient to invoke an exception to the exhaustion requirement.  <u>See</u> <u>Dry Creek Lodge, Inc. v. Arapahoe and Shoshone Tribes</u>, 623 F.2d 682,  (10th Cir. 1980).  However, given that a new tribal court judge has recently inherited this case from her predecessor, I am not yet prepared

---

[2]This information is gleaned from exhibits presented to the Court by the Burrells.  A Court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). <u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir. 1995). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion for summary judgment. <u>Id.</u>

to say that the Burrells have no available tribal forum such that they are not required to exhaust their tribal court remedies.

Given my decision that the Burrells must exhaust their tribal court remedies, I must consider, as a matter of comity, whether to dismiss the Complaint or stay this action until the Pueblo of Santa Ana Tribal Court has had an opportunity to address the Burrells' claims. See National Farmers Union Ins. Co., 471 U.S. at 857. In 1998, Judge Conway found that dismissal was appropriate because there had been little discovery in the case and the case was at an early stage of litigation. The situation at this time is vastly changed. The Tribal Court has had four years to adjudicate Plaintiffs' claims and at some point, justice delayed is justice denied. For these reasons, I will stay this cause of action for approximately six months to permit the Pueblo of Santa Ana Tribal Court an opportunity to address the Burrells' claims. If necessary, I will revisit the issue of exhaustion at that time.

Defendants' motion sought dismissal based on grounds in addition to the Burrells' failure to exhaust tribal remedies. By virtue of the fact that Defendants briefed the exhaustion requirement last, it would appear that Defendants would have preferred that the Court decide issues such as tribal sovereign immunity. However, the same policies that give rise to the exhaustion requirement counsel against this Court deciding any of the issues raised in Defendants' motion other than the issue of exhaustion.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim, and Failure to Exhaust Tribal Remedies [Docket No.

9] is hereby GRANTED IN PART on the grounds that Plaintiffs have not exhausted tribal remedies, and this case is hereby STAYED until June 1, 2003.

IT IS FURTHER ORDERED that, if the Pueblo of Santa Ana Tribal Court has not adjudicated Plaintiffs' claims by June 1, 2003, this Court will revisit the exhaustion requirement and, if appropriate, the other issues raised in Defendants' Motion to Dismiss.  Counsel shall advise the Court on or about June 1, 2003 of the status of the action in Santa Ana Pueblo Tribal Court.

UNITED STATES DISTRICT JUDGE