IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOB BURRELL and SUSAN BURRELL,

    Plaintiffs,

v.                                  No. CIV 02-542 WJ/DJS

LEONARD ARMIJO et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION TO EXERCISE JURISDICTION AND**
**ORDERING STATUS BRIEFS**

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion to Exercise Jurisdiction Over This Case; for an Order that the Tribal Court's Ruling is Null and Void and for the Court to Order a Jury Trial [Docket No. 28]. Having reviewed the submissions of the parties, the applicable law, and being otherwise fully advised, I find that the motion is not well taken and will be denied.

**BACKGROUND**

The relevant facts of this case were stated in this Court's Memorandum Opinion and Order filed November 22, 2002 [Docket No. 22] and will not be restated. By that Memorandum Opinion and Order, the Court granted in part Defendants' Motion to Dismiss [Docket No. 9] on the grounds that Plaintiffs had not exhausted tribal remedies. The Court stayed the case until June 1, 2003 to give the Santa Ana Tribal Court an opportunity to address Plaintiff's nearly identical claims in the case filed in that court. I ordered counsel for the parties to advise this Court on or about June 1, 2003 of the status of the action pending before the Santa Ana Tribal Court. I noted

that, if appropriate, I would revisit the issue of exhaustion and the other issues raised in Defendant's motion to dismiss.

On March 14, 2003, Defendants filed a Notice of Decision by Santa Ana Tribal Court Dismissing Burrell Complaint on Grounds of Sovereign Immunity [Docket No. 24]. The notice indicated that the Santa Ana Tribal Court had dismissed Plaintiffs' tribal court Complaint on February 28, 2003. Defendants attached a copy of the Santa Ana Tribal Court order as an exhibit to the notice.

On April 2, 2003, Plaintiffs filed the instant motion. The motion makes three requests of this Court. First, Plaintiffs request that this Court deny Defendants' Motion to Dismiss. The Court assumes that Plaintiffs refer to Defendants' Motion to Dismiss [Docket No. 9] on which the Court partially ruled by the November 22, 2002 Memorandum Opinion and Order. Second, Plaintiffs ask this Court for an order declaring the order of the Santa Ana Tribal Court null and void. Third, Plaintiffs move for a jury trial on the merits of their claims.

**DISCUSSION**

I.   MAY THIS COURT DENY DEFENDANTS' MOTION TO DISMISS?

Plaintiffs' request that this Court deny Defendants' Motion to Dismiss assumes that the issues raised in that motion are properly addressed by the Court at this time. The Court's November 22, 2002 Memorandum Opinion and Order makes clear that this Court will only address the remaining issues in Defendants' Motion to Dismiss if it is appropriate for the Court to do so. Nothing in Plaintiffs' Motion to Exercise Jurisdiction addresses whether it is appropriate for this Court to take up the issues in Defendants' Motion to Dismiss in light of the ruling of the

Santa Ana Tribal Court.  Defendants' Response points this out and urges that the Court may not review the decisions of the Santa Ana Tribal Court.

Defendants are correct that this Court has no authority to review a tribal court decision rendered in a case within tribal court jurisdiction.  See Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9 (1987); National Farmers Union Ins. Co. v. Crow Tribe, 471 U.S. 845 (1985); AT&T Corp. v. Coeur d'Alene Tribe, 295 F.3d 899, 904 (9th Cir. 2002); Duncan Energy Co. v. Three Affiliated Tribes of the Fort Berthold Reservation, 27 F.3d 1294, 1300 (8th Cir. 1994).  The Court may, however, consider the issue whether the tribal court had jurisdiction to decide the issues in the underlying action.  National Farmers Union Ins. Co., 471 U.S. at 852-53.

Plaintiffs' motion, in asking this Court to deny Defendants' Motion to Dismiss, seeks a review of the decision of the Santa Ana Tribal Court.  The Santa Ana Tribal Court ruled that Plaintiffs' claims were barred by the tribe's sovereign immunity.  This issue is raised in Defendants' Motion to Dismiss.  Thus, if this Court were to deny Defendants' Motion to Dismiss, it would be reviewing and negating the tribal court's decision with regard to the issue of tribal sovereign immunity.  As explained above, this Court has no authority to conduct such a review of the tribal court's ruling so it may not deny or otherwise rule on Defendants' Motion to Dismiss at this time.

II.  MAY THIS COURT ENTER AN ORDER DECLARING THE SANTA ANA TRIBAL COURT ORDER NULL AND VOID?

Plaintiffs' motion asks that this Court declare the ruling of the Santa Ana Tribal Court null and void.  Plaintiffs assert that the tribal court incorrectly failed to order the parties to arbitration and thus failed to follow the law of C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian

3

Tribe of Oklahoma, 532 U.S. 411 (2001).  Additionally, Plaintiffs urge that the tribal court failed to comply with the law in C & L Enterprises, Inc., when it ruled that Santa Ana Pueblo had sovereign immunity with regard to Plaintiffs' claims.  Finally, Plaintiffs argue that the tribal court ruling is null and void because the tribal court denied Plaintiffs' constitutional due process rights.

As noted above, this Court may not review rulings of a tribal court except as to the issue of jurisdiction.  Thus, this Court may not review the Santa Ana Tribal Court decision with regard to the tribe's sovereign immunity or with regard to the propriety of arbitration.

Plaintiffs' request that this Court declare the Santa Ana Tribal Court rulings null and void based on a lack of due process presents an apparently novel issue in the Tenth Circuit.  This Court finds no authority for the Plaintiffs' proposition that they were entitled to constitutional due process in tribal court.  In fact, the law is well settled that tribes are generally unconstrained by constitutional provisions such as the Bill of Rights and the Fourteenth Amendment that limit federal or state authority.  Santa Clara Pueblo v Martinez, 436 U.S. 49, 56 (1978); Talton v Mayes, 163 U.S. 376 (1896).  However, the Ninth Circuit, applying principles of comity for recognition of foreign judgments, refuses to recognize judgments of tribal courts when a party was denied due process in the tribal court proceedings.  See AT&T Corp. v. Coeur d'Alene Tribe, 295 F.3d 899, 903 (9th Cir. 2002); Bird v. Glacier Elec. Coop., Inc., 255 F.3d 1136, 1141 (9th Cir. 2000).  The Ninth Circuit has only applied this principle of comity when a winning litigant in tribal court has sought recognition and enforcement in federal court of a tribal court judgment.  However, the Ninth Circuit, in dicta, has stated that a federal court may readjudicate issues already resolved in tribal court when the tribal court denied due process of law to a losing party.  AT&T Corp., 295 F.3d at 903-904.

I disagree with the Ninth Circuit's dicta in AT&T Corp. First, the theory that a lack of due process in a tribal court proceeding grants a federal court authority to readjudicate the issues resolved in tribal court flies in the face of controlling Supreme Court precedent in National Farmers Union Ins. Co., 471 U.S. 845 and Iowa Mut. Ins. Co., 480 U.S. 9. Second, tribal courts are not foreign jurisdictions. While foreign governments and their courts are not subject to the influence or control of the government of the United States, tribal governments, including tribal courts, are subject to the plenary power of the Congress of the United States, U.S. Const. Art. I § 8 cl. 3, and must afford due process of law in accordance with the Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1302(8). Accordingly, the due process analysis applicable to determining whether a foreign judgment is entitled to comity is not applicable to tribal courts which are subject to the due process standard in ICRA. Finally, the Ninth Circuit's dicta, if followed, would provide an end-run around the Supreme Court's holding in Martinez, 436 U.S. 49. Because tribal courts must afford due process of law in accordance with ICRA, a claim that a tribal court has violated due process is essentially a claim under ICRA. Martinez makes clear that the only available remedy under ICRA is habeas corpus. 436 U.S. at 61. Thus, if a federal court were to readjudicate issues already determined by a tribal court on the basis that the tribal court violated due process, the federal court would be providing an additional remedy for an ICRA violation in flagrant disregard of the intentions of Congress and the holding of Martinez.

Even assuming the Ninth Circuit's dicta in AT&T Corp is a correct statement of the law, I do not find that the Santa Ana Tribal Court proceedings were so bereft of procedural due process that the judgment of the tribal court should be declared null and void on those grounds. The due

process standard that applies when determining whether to recognize a foreign judgment is found in Hilton v. Guyot, 159 U.S. 113, 202-03 (1895).  In that case, the Supreme Court held that:

> where there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries, and there is nothing to show either prejudice in the court, or in the system of laws under which it was sitting, or fraud in procuring the judgment, or any other special reason why the comity of this nation should not allow it full effect, the merits of the case should not, in an action brought in this country upon the judgment, be tried afresh, as on a new trial or an appeal, upon the mere assertion of the party that the judgment was erroneous in law or in fact.

Id. cited in Restatement (Third) of Foreign Relations Law § 482 comment b.

The Restatement outlines several grounds for nonrecognition of foreign judgments and states that a court in the United States may not recognize a foreign judgment if the judgment was rendered under a judicial system that does not provide an impartial tribunal or procedures compatible with due process.  Restatement (Third) of Foreign Relations Law § 482(1)(a).  In comment b to Section 482, the Restatement indicates that a foreign judgment may fail to meet the criteria for recognition when the judiciary is dominated by the political branches of government or by an opposing litigant, when a judicial system is generally unfair it its treatment of particular classes of litigation, or when a particular case shows such defects in procedures and fairness as to be not entitled to recognition and enforcement.

Plaintiffs argue that the Santa Ana Tribal Court violated principles of due process by ruling on Defendants' motion to dismiss without a hearing and by ruling on Defendants' motion to dismiss without addressing Plaintiffs' motions to arbitrate, to compel discovery, to amend the complaint, and motion for jury trial.  None of these alleged actions constitutes a violation of due

process principles. First, the Court notes that the Plaintiffs, in previous pleadings before this Court, admit that the Santa Ana Tribal Court heard argument on Defendants' motion to dismiss. See Plaintiff's Response to Motion to Dismiss [Docket No. 19] at 12. In any event, due process does not require that a court hear oral argument before ruling on a motion provided that all parties had notice and an opportunity to respond. Greene v. WCI Holdings Corp., 136 F.3d 313 (2nd Cir. 1998). If due process did require that a court provide parties an opportunity to present oral argument, the entire federal judicial system would be in violation of general principles of due process principles since many rulings in both the trial and appellate courts are based on the record and briefs without oral argument. Finally, due process does not require that a court address all of the issues raised by one party before granting an opposing party's motion to dismiss. The opposing party may assert grounds for dismissal that preclude a court from addressing issues raised by the other party. Such is the case when a party moves to dismiss based on a lack of jurisdiction or based on sovereign immunity. There was no per se due process violation by the Santa Ana Tribal Court when it ruled that Defendants were entitled to sovereign immunity before explicitly ruling on Plaintiffs' motions to arbitrate, to compel discovery, to amend the complaint, and for jury trial.

While this Court may consider whether the Santa Ana Tribal Court had jurisdiction to decide the issues before it, National Farmers Union Ins. Co., 471 U.S. at 852-53, nothing in Plaintiffs' motion can be construed as asking this Court to do so. Even if I were to imply such a request from Plaintiffs' motion to declare the tribal court ruling as null and void, the Court has not been adequately briefed on the issue. The Court notes that the exhaustion requirement requires that a tribal appellate court be given the opportunity to review determinations of lower tribal

courts before a federal court considers the issue of the tribal court's subject matter jurisdiction. Iowa Mut. Ins. Co., 480 U.S. at 16-17. Nothing before the Court indicates that the exhaustion requirement has been met. All that has been established is that the lower tribal court ruled before the time at which I might have reconsidered the exhaustion requirement in this case. Therefore, the Court will not treat Plaintiffs' motion as a motion for relief from the Santa Ana Tribal Court's exercise of jurisdiction.

III.  MAY THIS COURT PROVIDE PLAINTIFF WITH A TRIAL BY JURY ON THE MERITS OF THEIR CLAIMS?

Based on the above, a setting for trial on the merits of Plaintiffs' claims is currently premature.

IV.  STATUS OF CASE

This case is anything but a model of procedural clarity. For the sake of judicial economy and the interests of justice, the Court would like input from the parties on the status of this case. The issues the parties address should include, but need not be limited to:

1. Whether the stay should be lifted.

2. Whether the stay should be extended pending further exhaustion.

3. Whether Plaintiff's claims should be dismissed, and, if so, if dismissal should be with or without prejudice.

For each of the issues addressed, parties must provide factual and legal support for their suggestions and contentions. I will ask that each party brief the Court independently so that neither party is responding to the other party's brief.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Exercise Jurisdiction Over This Case; For an Order that the Tribal Court's Ruling is Null and Void and for the Court to Order a Jury Trial [Docket No. 28] is hereby DENIED.

IT IS FURTHER ORDERED that each of the parties provide the Court with briefs on the status of this case by June 23, 2003.

_____
UNITED STATES DISTRICT JUDGE