IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOB BURRELL and SUSAN BURRELL,

    Plaintiffs,

v.                                              No. CIV 02-542 WJ/DJS

LEONARD ARMIJO et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendants' Supplemental Brief Regarding Case Status [Docket No. 36] and Defendants' Motion to Dismiss [Docket No. 9].  For reasons stated herein, the Court will grant Defendants' Motion to Dismiss [Docket No. 9] on the basis of sovereign immunity.

**BACKGROUND**

The relevant facts of this case were stated in this Court's Memorandum Opinion and Order filed November 22, 2002 [Docket No. 22] and will not be restated here.  By that Memorandum Opinion and Order, the Court stayed this case until June 1, 2003 to provide the Santa Ana Tribal Court an opportunity to rule on Plaintiffs' identical claims in the case filed in tribal court.

On March 14, 2003, Defendant filed a Notice of Decision that the Santa Ana Tribal Court had dismissed the tribal court case on grounds of sovereign immunity [Docket No. 24].  A copy of the Santa Ana Tribal Court decision was attached to the Notice as an exhibit.  The Tribal Court

Order filed February 28, 2003 in SA-CV-123-98 ruled that the Santa Ana Tribal Court had jurisdiction over the case and that Defendants' Motion to Dismiss on Grounds of Sovereign Immunity was well taken and granted.

On April 2, 2003, Plaintiffs filed a Motion to Exercise Jurisdiction [Docket No. 28]. By Memorandum Opinion and Order filed May 20, 2003 [Docket No. 35], this Court denied Plaintiffs' motion. In that Memorandum Opinion and Order, the Court iterated that it lacks authority to review tribal court decisions rendered in a case within tribal court jurisdiction. The Court did note, however, that it has authority to consider the issue whether a tribal court had jurisdiction to decide the issue before it, but that Plaintiffs' motion could not be construed, even if read liberally, as requesting that the Court consider whether the tribal court had jurisdiction to decide the issues before it. The Court then ordered the parties to provide status briefs to the Court by June 23, 2003.

Defendants timely filed a status brief and Plaintiffs filed a brief on June 25, 2003. By Order filed July 1, 2003 [Docket No. 38], the Court addressed the issues raised in the parties' briefs. The Court lifted the stay in the case based on both parties' assertions that Plaintiffs had exhausted their tribal remedies. The Court then noted that Defendants' Motion to Dismiss [Docket No. 9] was still pending with regard to issues other than exhaustion of tribal remedies. The Court read Plaintiffs' brief as requesting action by the Court and accordingly construed Plaintiffs' brief as a motion. The Court denied Plaintiffs' motion for the reasons stated in the July 1, 2003 Order. The Court further noted that Defendants' brief requested the Court dismiss Plaintiffs' claims on preclusion grounds not relevant prior to the tribal court decision. Thus, the

Court construed Defendants' brief as a second motion to dismiss. The Court gave Plaintiffs fourteen days to respond to the arguments for dismissal raised in Defendants' brief.

As of the date of this Memorandum Opinion and Order, Plaintiffs have not filed a response to Defendants' brief nor filed a request for extension of time to file such response. Thus, the Court will rule on Defendants' motion without benefit of a response from Plaintiff.

**DISCUSSION**

Defendants' Supplemental Brief Regarding Case Status [Docket No. 36] argues that Plaintiffs' claims should be dismissed as they are barred by the doctrine of *res judicata* based on the Santa Ana Tribal Court decision of February 28, 2003. Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties based on the same cause of action. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979).

There is no dispute that this case involves the same parties and same causes of action as were involved in the Santa Ana Tribal Court litigation. Additionally, the principles of comity dictate that federal courts may not readjudicate questions already resolved in tribal court. AT&T Corp. v. Coeur D'Alene Tribe, 295 F.3d 899, 904 (9th Cir. 2002). The question, then, is whether the Santa Ana Tribal Court rendered a judgment on the merits in its February 28, 2003 Order dismissing Plaintiffs' claims on the grounds of sovereign immunity.

Defendants state that there is a split in authority with regard to whether a dismissal on sovereign immunity grounds is a decision on the merits for *res judicata* purposes. Rule 41(b) of the Federal Rules of Civil Procedure and Tenth Circuit case law make clear to this Court that a dismissal for lack of jurisdiction such as one based on sovereign immunity does not operate as an adjudication on the merits so does not preclude a second action under the doctrine of *res*

3

*judicata*. Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 (10th Cir. 2001). However, under the doctrine of collateral estoppel, a dismissal for lack of jurisdiction does preclude relitigation of the jurisdictional issues necessarily decided on the jurisdictional question. Id. at 1209-10; Stewart Sec. Corp. v. Guaranty Trust Co., 597 F.2d 240, 241 (10th Cir. 1979).

In dismissing all of Plaintiffs' claims on the basis of sovereign immunity, the Santa Ana Tribal Court necessarily determined that the Defendants were entitled to sovereign immunity with regard to all claims and that immunity had not been waived. This decision on the issue of sovereign immunity is entitled to be given preclusive effect and may not be relitigated by the parties in this case. See AT&T Corp., 295 F.3d at 904. Thus, Plaintiffs' claims must be dismissed on the grounds of sovereign immunity.

I note again that I stated in the Memorandum Opinion and Order filed May 20, 2003 [Docket No. 35] that, while I have no authority to review tribal court decisions rendered in a case within tribal court jurisdiction, I do have authority to consider the issue whether the tribal court had jurisdiction to decide the issues in the case before it. In spite of this, Plaintiffs have never made an intelligible argument challenging the jurisdiction of the Santa Ana Tribal Court over their various claims. Plaintiffs' Response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to State a Claim and Failure to Exhaust Tribal Remedies [Docket No. 19] did argue that the tribal court lacked jurisdiction over the BIA lease because of an alleged arbitration clause within the lease and lacked jurisdiction over all Plaintiffs' claims because tribal courts are generally unfair. These arguments do not relate to the jurisdictional authority of the Santa Ana Tribal Court over Plaintiffs' causes of action. Plaintiffs made no further attempt to

challenge the jurisdiction of the tribal court. Therefore, this Court has never addressed the jurisdiction of the Santa Ana Tribal Court as it relates to Plaintiffs' claims.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Docket No. 9] is hereby GRANTED and Plaintiffs' claims are hereby DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE